# Exhibit B

*225. 0091*

*Plead.*

CAUSE NUMBER  10 CV1091

| | | |
|---|---|---|
| NATIONS CONSTRUCTION MANAGEMENT, INC. | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | GALVESTON COUNTY, TEXAS |
| MAX SPECIALTY INSURANCE COMPANY | § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW NATIONS CONSTRUCTION MANAGEMENT, INC., Plaintiff, complaining of Max Specialty Insurance Company, Defendant, and for cause of action would respectfully show the Court as follows:

I.

Nations Construction Management, Inc., Plaintiff, is a Texas corporation.

II.

Max Specialty Insurance Company is a foreign corporation and does not have a registered agent in the State of Texas. Max Specialty Insurance Company, a surplus lines carrier, can be served by personal service upon the Texas Insurance Commissioner at the Texas Department of Insurance, Mike Geeslin, 333 Guadalupe, Austin, Texas 78701 by certified mail, return receipt requested.

III.

The events giving rise to this lawsuit occurred in whole, or in part, in Galveston County, Texas.  Venue is proper in Galveston County, Texas.  This Court has jurisdiction over the personal and subject matter of this lawsuit.

IV.

Max Specialty Insurance Company issued a builders risk policy of insurance, policy number MAX30002203 (the "Policy"), for the property known as Mansions at Moses Lake, which is located in Texas City, Galveston County, Texas. The risk insured under the Policy was for "Wind or Hail only, all other perils excluded." Nations Construction Management, Inc. was the construction manager for the project, Mansions at Moses Lake.

V.

Construction on Mansions at Moses Lake had begun prior to Hurricane Ike. Prior to the arrival of that storm, a slab had been poured for a portion of the building. That portion of the slab had been completed. Hurricane Ike arrived at midnight on September 13, 2008. As a result of the damage and disruption caused by the wind storm, it was necessary to remove and re-pour the slab, resulting in damages to Nations Construction Management, Inc. in the amount of Two Hundred Sixty Nine Thousand Eight Hundred and 61/100 Dollars ($269,800.61). The Policy is subject to a deductible of Fifty Thousand and No/100 Dollars ($50,000.00).

VI.

Nations Construction Management, Inc. submitted a claim to Max Specialty Insurance Company under the Policy. Max Specialty Insurance Company denied the claim. All conditions precedent to the right of Nations Construction Management, Inc. to recover as set forth herein have been performed or have been waived.

VII.

National Construction Management, Inc. is entitled to recover from Max Specialty Insurance Company under the insurance contract the sum of Two Hundred Nineteen Thousand Eight Hundred and 61/100 Dollars ($219,800.61). Additionally, Nations Construction

Management, Inc. is entitled to recover reasonable and necessary attorneys fees incurred in the prosecution of this lawsuit, plus costs of Court and prejudgment and post judgment interest.

VIII.

Nations Construction Management, Inc. would show that Max Specialty Insurance Company has failed to timely pay a claim under the Policy, and that Nations Construction Management, Inc. is entitled to recover penalties under the Texas Insurance Code in the amount of eighteen percent (18%) per annum.

IX.

Nations Construction Management , Inc. would show that no reasonable basis exists for Max Specialty Insurance Company's denial of this claim and that the claim was denied in bad faith. Nations Construction Management, Inc. is entitled to recover punitive damages in addition to its actual damages.

WHEREFORE, PREMISES CONSIDERED, Nations Construction Management, Inc., Plaintiff, prays that Max Specialty Insurance Company, Defendant, be cited to appear and answer herein, and that upon trial Nations Construction Management, Inc., Plaintiff, have judgment against Max Specialty Insurance Company for actual damages, punitive damages, statutory penalties, attorneys fees, prejudgment interest, post judgment interest, costs of Court, and any other relief, general or special, at law or in equity, to which Nations Construction Management, Inc. may otherwise show itself to be justly entitled.

COATS | ROSE

By:

David S. Lynch
Texas Bar No. 12725825

3 Greenway Plaza, Suite 2000
Houston, Texas  77046
(713) 651-0111
(713) 651-0220 (facsimile)

ATTORNEYS FOR PLAINTIFF
NATIONAS CONSTRUCTION
MANAGEMENT, INC.

## JURY DEMAND

Plaintiff NATIONS CONSTRUCTION MANAGEMENT, INC. hereby demands a jury
trial.

David S. Lynch

1379611.1/10938.1



LATONIA D. WILSON
DISTRICT CLERK
GALVESTON COUNTY, TEXAS

*Doryn Danner Glenn, Chief Deputy*

## Status Conference Notice on "Hurricane Ike Litigation"

In compliance with the Administrative Orders of the Galveston County District Courts regarding cases classified as "Hurricane Ike Litigation", this form shall serve as notification to all case parties of a status conference setting to be held before the 212th District Court of Galveston County, Texas. To view a copy of the Administrative and Pre-Trial Order regarding Hurricane Ike cases, please visit:

http://www.co.galveston.tx.us/District_Clerk/

| Case Number 10CV1091 | Docketing Court 56TH |
|---|---|
| | |
| Plaintiff Style: NATIONS CONSTRUCTION MANAGEMENT, INC. | |
| VS | |
| Defendant Style: MAX SPECIALTY INSURANCE COMPANY | |
| | |
| Status Conference is set for: Wednesday, _____8/25_____, 2010 at 9:00 A.M. | |

*Any party to a case requesting an additional setting, shall file a **written request** with the Clerk of Court. Upon receipt, the Motion and Setting Request will be directed to the 212th Court for handling.*

*600 59th Street, Room 4001, Galveston County Justice Center, Galveston, Texas 77551-2388*
*Phone (409) 766-2424 Fax (409) 766-2292*

*Satellite Office: 174 Calder Road, League City, Texas 77573 – Phone (281) 316-8729*

# Galveston County District Courts

## Packet Includes the
## Pre-Trial Orders for Hurricane Ike

2-24-09 – SECOND AMENDED ORDER REGARDING HURRICANE IKE
LITIGATION SIGNED BY LOCAL ADMINISTRATIVE JUDGE DAVID E.
GARNER

3-13-09 – STANDING PRETRIAL ORDER CONCERNING HURRICANE IKE
RESIDENTIAL PROPERTY CLAIMS SIGNED BY JUDGE SUSAN CRISS

3-13-09 – EXHIBIT "A" TO STANDING PRETRIAL ORDER CONCERNING
HURRICANE IKE RESIDENTIAL PROPERTY CLAIMS

6-2-09 – FIRST SUPPLEMENTAL STANDING PRETRIAL ORDER
CONCERNING HURRICANE IKE RESIDENTIAL PROPERTY CLAIMS

## SECOND AMENDED

## ORDER REGARDING HURRICANE IKE LITIGATION

By authority of the Local Administrative Judge for the District of Galveston County and in order to promote Judicial efficiency and in the interest of justice, the District Clerk of Galveston County is ordered to notify Judge Susan Criss of the 212th District Court of all filings of cases involving insurance disputes arising out of events surrounding Hurricane Ike that occurred on September 13, 2008. Judge Susan Criss is assigned to handle all pre-trial matters in these cases. These cases will be tried in the original court where filed.

Signed this ___24___ day of ___Febuary___, 2009.      2-24-09

_____
David E. Garner, Judge
Local Administrative Judge
Galveston

*Cases:*

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT ~~LATONIA OF WILSON~~ CLERK DISTRICT COURT |
| | § | FILED |
| HURRICANE IKE | § | |
| | § | GALVESTON COUN MAR 1 2009 TEX |
| RESIDENTIAL PROPERTY | § | |
| | § | GALVESTON COUNTY, TEXAS |
| CLAIM LITIGATION | § | 212TH JUDICIAL DISTRICT COURT Deputy |

## STANDING PRETRIAL ORDER CONCERNING
## HURRICANE IKE RESIDENTIAL PROPERTY CLAIMS

The 212th District Court of Galveston County, Texas, has been appointed as the Consolidated Pretrial Court over Hurricane Ike Litigation filed in District Court in Galveston County, Texas. After consideration of pretrial issues and discussion with counsel representing claimants and counsel representing residential insurance carriers, the Court finds that pretrial matters should be expedited for the efficient handling of such claims.

IT IS ACCORDINGLY ORDERED AS FOLLOWS:

A.   This Order shall be affective and apply to all lawsuits filed in the District Court of Galveston County, Texas wherein any policyholder (the "Plaintiff Insured") asserts a claim arising from damage to residential property caused by Hurricane Ike, against an insurance carrier who issues insurance policies for residential property (the "Residential Insurance Carrier"); and

B.   Immediately upon the filing of an Original Petition, the District Clerk is hereby Ordered to send a copy of this Order to all parties in any lawsuit affected by this Order. Any Plaintiff who is aware of this Order shall attach a copy of this Order to its Original Petition, or to otherwise send a copy of this Order to any party, if pro se, or to such party's counsel of record.

C.   Within one hundred (100) days after the Residential Insurance Carrier makes an appearance in the lawsuit or the date of this Order, whichever is later, all parties are Ordered to agree on a mediator and mediation date. However, the mediation can be set to occur outside of this time period. Once the parties have agreed on a mediator and mediation date, they shall notify the Court by filing the attached Mediation Order (Exhibit "A"). If the parties make an agreement around the timing in this provision, the parties must obtain approval of their agreement from the Court.

D.   Immediately upon the filing of the Residential Insurance Carrier's Original Answer, the case will be abated until (1) 30 days after unsuccessful mediation or (2) notice by any party that the party desires to unilaterally end the abatement period applicable to a particular case 30 days from the date the notice is received by the opposing party. The abatement period will apply to all Court ordered deadlines or Rule 190 Discovery deadlines. The abatement period will not apply to any statutory deadline, interest or penalties that may apply under any statutory code or law. The parties may send written discovery during the abatement time period, however, the responses and objections to

those discovery requests will not be due until 30 days after the earlier of an unsuccessful mediation or a party's termination of the abatement period.

E.  Furthermore, within 60 days of the filing of the Insurance Carrier's Original Answer or the date of this Order, whichever is later, the parties will use their best efforts to exchange information and documentation pertaining to the residence, to the extent same exists, including the following: Expert Reports, Engineering Reports, Estimates of Damage or repairs; Contents Lists for contents damage claim; Photographs; Repair Receipts or Invoices; Flood claim payments received by Plaintiff(s) including the estimate the flood payment was made on; the non-privileged portions of the Residential Insurance Carrier and Adjusting Company's claims file (including all claim diary notes, activity logs, loss notes and email correspondence regarding the insurance claim); payment ledger, payment log and/or proof of payment from the Insurance Carrier; a copy of the insurance policy in effect at the time of the Hurricane Ike claim; and the non-privileged portions of the underwriting file. If the Insurance Carrier is not in possession of the Adjusting Company's/Adjuster's claims file, and the Adjusting Company/Adjuster is not a named as a party in the lawsuit represented by separate counsel, then the Insurance Carrier shall seek the Adjusting Company's claims file and use their best efforts to exchange this information within the 60 day time period. The Insurance Carrier is also Ordered to notify the independent adjusting company that all emails, activity notes and loss diary notes pertaining to a hurricane claim in litigation shall be preserved and not destroyed pursuant to the Court's "Save & Hold" directive regarding those emails and claims correspondence. Lastly, a privilege log will also be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges being asserted on any documents in the claims file or claim correspondence.

F.  Any Expert Reports, Engineering Reports, Contractor Estimates or any other estimates of damages or repairs obtained by directive of Counsel for settlement, demand, or mediation purposes and exchanged prior to mediation shall be for "Mediation Purposes Only" and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or prepared during the claims handling, shall not be considered confidential under this paragraph. Otherwise, such reports and estimates exchanged for mediation purposes shall only be used at trial if Plaintiff or Defendant designates the consultant as a retained testifying expert and does not properly de-designate prior to trial. If a consultant, whose report is produced at mediation, produces a subsequent report for use at trial, the mediation report shall remain confidential unless agreed to otherwise. The reports and estimates are only confidential for the lawsuit in which they are being used. Expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request by the providing party for their return after mediation. Such reports shall not be discoverable or admissible at trial or any hearing. If the party procuring the report designates the expert to testify, such party shall have the right to prevent discovery or testimony by the expert regarding the mediation report and any opinions therein. The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing herein shall prohibit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same Residential Insurance Carrier.

G.     Once a mediation date and mediator are agreed to by all parties, the Residential Insurance Carrier shall be permitted to inspect the residence involved in the lawsuit (as soon as practicable) prior to mediation. If mediation is unsuccessful, the Residential Insurance Carrier and other Defendants may reinspect the residence with the same, new or additional experts pursuant to the Texas Rules of Civil Procedure.

H.     The Mediator shall notify the Court within 48 hours once an impasse has been declared by the Mediator. This notice shall be in writing and sent to all parties and the Court.

I.     Upon the expiration of the abatement period applicable to the case (30 days) the parties will enter into an Agreed Scheduling Order, which will include a date for trial.

J.     The Court shall set a Status Conference to occur on each case under this Order 150 days from the date the Original Petition was filed and provide written notice to all parties of the date and time of the Status Conference.

Signed this ___13___ day of ___March_____, 2009.

_____
Judge Presiding

IN RE: HURRICANE IKE
RESIDENTIAL PROPERTY CLAIMS
LITIGATION

IN THE DISTRICT COURT OF
GALVESTON COUNTY, TEXAS
212TH JUDICIAL DISTRICT

**Case Style**

## MEDIATION ORDER

This case is hereby **ORDERED** to mediation by no later than _____, 2009. The parties have suggested the court appoint the following mediator, and pursuant to such agreement, the Court hereby appoints _____ _____, Texas.

An attorney of record is **ORDERED** to attend from each party. All individual parties, either Plaintiff or Defendant, are **ORDERED** to attend. Individual Defendant Adjusters are not ordered to attend but a representative with full authority to negotiate and settle their case on their behalf is **ORDERED** to attend. A representative of each non-individual party is **ORDERED** to attend; the person so attending must be one vested with the authority to enter into a final settlement agreement. If there is insurance, a person who has full authority to decide whether insurance payments will be made must attend.

The parties are further **ORDERED** to BE PREPARED IN ADVANCE for the mediation. Without limiting the generality hereof, this includes the following requirements:

1.   All documentary evidence of special damages must be obtained and presented at or in advance of the mediation.
2.   In cases involving medical treatment, all medical records of such treatment must be obtained and presented at or in advance of the mediation.

Counsel shall negotiate openly and knowledgeably; failure to be prepared and to negotiate knowingly and in good faith, may be treated as contempt. All individuals ordered to attend must remain in attendance until the mediator declares the mediation concluded, subject only to recess as declared by the mediator. Failure to appear or to remain without timely seeking relief may be sanctioned as contempt. All settlement discussions shall be subject to Texas Rule of Evidence 408 and Tex. Civ. Prac. & Rem. Code 154.073.

Signed this _____ day of _____, 2009.

_____
Judge Presiding

LATONIA D. WILSON
CLERK DISTRICT COURT
FILED
10:50 A.M.
MAR 1 3 2009
GALVESTON COUNTY, TEXAS
_____
Deputy

**Exhibit "A"**

| | | |
|---|---|---|
| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| HURRICANE IKE | § | |
| | § | GALVESTON COUNTY, TEXAS |
| RESIDENTIAL PROPERTY | § | |
| | § | |
| CLAIM LITIGATION | § | 212TH JUDICIAL DISTRICT COURT |

**FIRST SUPPLEMENTAL STANDING PRETRIAL ORDER
CONCERNING HURRICANE IKE RESIDENTIAL
PROPERTY CLAIMS**

The 212th District Court of Galveston County, Texas, has been appointed as the Consolidated Pretrial Court over Hurricane Ike Litigation filed in District Court in Galveston County, Texas. This Court entered the Standing Pretrial Order Concerning Hurricane Ike Residential Property Claims on March 13, 2009 (the "Standing Pretrial Order"). At that time, there was discussion of the need for additional orders to clarify contractual rights.

IT IS ACCORDINGLY ORDERED AS FOLLOWS:

A.  This Order shall supplement the Standing Pretrial Order; and

B.  Immediately upon the signing of this order, the District Clerk is hereby Ordered to post this Order on the Galveston County District Courts' web site.

C.  It is the intent of this Order and the Standing Pretrial Order that if a party elects to participate in mediation or any other provision of the Standing Pretrial Order or elects to opt out of the abatement, such actions alone will not affect any parties' statutory or contractual rights.

D.  Otherwise, the Standing Pretrial Order is unaffected.

Signed this 2 day of June _____, 2009.

_____
The Honorable Susan Criss

1